UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA SHARRELL CYPRIAN,<br>Plaintiff/Petitioner,<br>v.<br>SCHELIA A. CLARK, Warden<br>Defendant/Respondent. | No. CV05-1029 CBM (CR95-640 CBM)<br><br>ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 HABEAS PETITION |

The matter before the Court is a Petition for Writ of Habeas Corpus, filed on February 9, 2005. The government filed a timely Response on May 3, 2007.

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2255.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner acted as the getaway driver for an armed bank robbery and led the police on a high speed chase. In March 1995, she was indicted for armed bank robbery, in violation of 18 U.S.C. § 2113(d), and for use of a firearm during the robbery, in violation of 18 U.S.C. § 924(c). On April 25, 1995, Petitioner pled guilty

to aiding and abetting an armed bank robbery and use of a firearm during the robbery. While Petitioner was out on bail awaiting sentencing, she acted as the getaway driver to another bank robbery and was subsequently indicted for aiding and abetting an unarmed bank robbery, to which she pled guilty on October 2, 1995.

Petitioner was sentenced for the first armed bank robbery on October 30, 1995 to seventy-eight months (78) for the armed bank robbery and a consecutive sixty months (60) for use of a firearm during the bank robbery. On September 23, 1996, Petitioner was sentenced to 130 months for the unarmed bank robbery committed while she was out on bail, which was to be served concurrently with the initial armed bank robbery sentence of seventy-eight months (78) and consecutive to the sixty months (60) imposed for use of a firearm during the bank robbery. Additionally, on September 23, 1996, Petitioner was sentenced to five months to be served consecutively to the other sentences previously imposed.

Petitioner's September 1996 sentence was "enhanced" for the following reasons: (i) two levels based on USSG § 2B3.1(b)(1) for taking property from a financial institution, (ii) five levels for knowledge of possession of the firearm based on USSG § 1B1.3(a)(1)(B), (iii) two levels for taking more than $50,000 during the robbery under USSG § 2B3.1(b)(6)(C), and (iv) three levels for committing armed bank robbery while out on bail based on USSG § 2J1.7. Petitioner's sentence was reduced by three levels for admitting responsibility.

The September 1996 sentence was affirmed by the Ninth Circuit on October 17, 1997.

Petitioner filed her first motion under 28 U.S.C. § 2255 in September 1996, which was denied on December 18, 1996. The Court of Appeals affirmed the denial of the motion in December 2000.

In February 2005, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2241(d) claiming that the enhancement to her September 1996 sentence violated the Sixth Amendment, as per the Supreme Court's decision in *Blakely v. Washington*.

542 U.S. 296 (2004). While the Petitioner filed the writ pursuant to 18 U.S.C. § 2241(d)[1], the writ appears to be a motion under 18 U.S.C. § 2255 based on the 2004 decision in *Blakely v. Washington*. *Id*. Therefore, the Court will review Petitioner's writ pursuant to Section 2255.

## STANDARD OF LAW

28 U.S.C. § 2255 states that "a prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (1996). Section 2255 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 or ("AEDPA") to include a one year statute of limitations, which, as it applies to this case, begins on "the date on which the judgment of conviction became final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Antiterrorism and Effective Death Penalty Act, sec. 105, 28 U.S.C. § 2255, 110 Stat. 1214, 1220 (1996).

Moreover, AEDPA amended Section 2255 to mandate that if a petitioner has previously brought a claim under Section 2255, a second motion may be brought only

---

[1] 28 U.S.C. § 2241(d) states that "where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

if it was certified "by a panel of the appropriate court of appeals." *Id.* Specifically, the court of appeals may grant the motion if "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

## DISCUSSION

Petitioner is challenging her sentencing enhancements, received in connection with her two bank robbery convictions, based on the Supreme Court's decisions in *Blakely v. Washington*, *United States v. Booker*, 543 U.S. 220 (2005) and the Ninth Circuit's application of that decision in *United States v. Ameline*, 409 F.3d 107 (9th Cir. 2005). *Blakely* held that a defendant's Sixth Amendment right to trial by jury was violated when imposed with an exceptional sentence based on facts presented which were not submitted to a jury or proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301. The Supreme Court found that the Sixth Amendment, as construed in *Blakely*, applied to the federal Sentencing Guidelines. *Booker*, 543 U.S. 220.

### I. Statute of Limitations

Pursuant to the amendments of 28 U.S.C. § 2255 made by the AEDPA, a motion brought under Section 2255 must comply with the one year statute of limitations, which, as it pertains to this case, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). First, "[t]he Supreme Court has held that a conviction is final in the context of habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Moreover, the Ninth Circuit held that "[f]ollowing the Supreme Court's definition of finality in

the context of habeas review . . . the one-year limitations period for a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time for filing the petition expires." *United States. v. Garcia*, 210 F.3d 1058 (9th Cir. 2000). Based on the Supreme Court Rules, a defendant has ninety days from the judgment to file a petition for writ of certiorari. Sup. Ct. R. 13.1. Therefore, a judgment becomes final when the party is no longer able to bring a petition for writ of certiorari based on that judgment.

In the instant case, Petitioner was sentenced to 135 months for violation of 18 U.S.C. § 2113(a)(d), 18 U.S.C. § 924(c), and 18 U.S.C. § 3147 on September 23, 1996. The Ninth Circuit affirmed the sentence on October 17, 1997. Also, on September 23, 1996, Petitioner filed a motion under Section 2255 claiming that the plea bargain did not contain facts to support the charge of violating 18 U.S.C. § 924(c). In December 1996, the District Court denied the motion and Petitioner appealed. In December 2000, the Ninth Circuit affirmed the District Court's decision.

The statute of limitations may be tolled during the time when the conviction is pending appeal. The statute of limitations for Petitioner's claim was tolled during her appeal to the Ninth Circuit beginning on September 23, 1996. However, the Ninth Circuit affirmed the sentence on October 17, 1997. Petitioner had ninety days from the date of the Ninth Circuit's decision to file a writ of certiorari. Sup. Ct. R. 13.1. Because Petitioner did not file a writ or certiorari, the judgment became final on January 17, 1998. The current petition was filed on February 9, 2005, nearly seven years after the judgment became final, and thus beyond the one year statute of limitations.

**II.  *Blakely v. Washington* and *United States v. Booker* Are Not Retroactively Applicable to Cases on Collateral Review**

Petitioner claims that the decisions in *Blakely* and *United States v. Ameline*, both decided in 2004, should apply retroactively to her September 23, 1996 sentence.

1 See *Ameline*, 376 F.3d 967; *Blakely*, 542 U.S. 296. However, the government
2 responds that these decisions do not apply retroactively and, therefore, the petition
3 should be denied.

4 In 2005, the Ninth Circuit joined all other circuits in concluding that the ruling
5 in *United States v. Booker* does not apply retroactively to convictions that were final
6 before that decision was handed down. *See United States v. Cruz*, 423 F.3d 1119 (9th
7 Cir. 2005). Moreover, the Ninth Circuit held that *Blakely v. Washington* was not
8 retroactive because "[i]n order to have retroactive effect, new rules either must be
9 substantive or, if procedural, they must be 'watershed rules of criminal procedure
10 implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.*
11 at 1120. The Ninth Circuit held that Blakely was neither a substantive rule nor a
12 "watershed rule of criminal procedure" and, thus, could not be retroactive. *Id.*

13 Although *United States v. Ameline* held that the rule in *Blakely* applied to the
14 Sentencing Guidelines, Ameline's sentence was vacated because the case was
15 pending appeal and, therefore, the court could raise the question of the Sixth
16 Amendment violation *sua sponte*. *See Ameline*, 376 F.3d 967. Conversely, in the
17 present case, the Petitioner was sentenced in September 1996 and the sentence was
18 affirmed in October 1997 by the Ninth Circuit. The judgment by the Ninth Circuit
19 became final 90 days after the decision because Petitioner did not file a writ of
20 certiorari to the Supreme Court. Thus, the judgment was final on January 17, 1998.
21 However, the *Blakely* decision was handed down in June 2004, approximately six
22 years after the judgment against Petitioner became final. Therefore, based on the
23 Ninth Circuit decision in *United States v. Cruz*, the rule in *Blakely* does not apply
24 retroactively to cases in which the judgment has become final and, therefore, it
25 cannot be used to remove the enhancements to Petitioner's sentence. *United States v.*
26 *Cruz*, 423 F.3d 1119 (9th Cir. 2005).

27 **III. Petitioner's Current Motion Under Section 2255 was Not Certified by the**
28 **Ninth Circuit as Required by AEDPA**

-6-

The AEDPA states that in order to file a second motion under 28 U.S.C. § 2255, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Antiterrorism and Effective Death Penalty Act, sec. 105, 28 U.S.C. § 2255, 110 Stat. 1214, 1220 (1996). The second motion will be certified if "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* Once proven, the court of appeals will grant the motion "for an order authorizing the district court to consider" the second motion. Petitioner filed her first motion under 28 U.S.C. § 2255 in September 1996. Petitioner has not received an order authorizing this Court to consider the instant, second motion. There is no new rule of constitutional law that applies retroactively and Petitioner has not received an order from the Ninth Circuit authorizing the District Court to hear the second motion.

## CONCLUSION

For all the foregoing reasons, Petitioner's Writ of Habeas Corpus is denied.

IT IS SO ORDERED.
DATE: February 19, 2008

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE