UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA SHARRELL CYPRIAN, <br> Plaintiff/Petitioner, <br> v. <br> SCHELIA A. CLARK, Warden <br> Defendant/Respondent. | No. CV05-1029 CBM (CR95-640 CBM) <br><br> ORDER DENYING MOTION OF REVIEW OF AN OTHERWISE FINAL SENTENCE |

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is Petitioner's Motion for Review of an otherwise Final Sentence pursuant to 18 U.S.C. § 3742(a)(2) & (3); Federal Rules of Civil Procedure Rule 60(b); and Federal Rules of Criminal Procedure Rules 36 & 35.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner acted as the getaway driver for an armed bank robbery and led the police on a high speed chase. In March 1995, she was indicted for armed bank robbery, in violation of 18 U.S.C. § 2113(d), and for use of a firearm during the robbery, in violation of 18 U.S.C. § 924(c). On April 25, 1995, Petitioner pled guilty to aiding and abetting an armed bank robbery and use of a firearm during the robbery.

While Petitioner was out on bail awaiting sentencing, she acted as the getaway driver to another bank robbery and was subsequently indicted for aiding and abetting an unarmed bank robbery, to which she pled guilty on October 2, 1995.

In October 1995, Petitioner was sentenced for the first bank robbery. She was sentenced to seventy-eight months (78) as to Count Two (bank robbery) and sixty months (60) as to Count Three (use of a firearm) to be served consecutively for a total of 138 months. After being released from prison, Petitioner is to be placed on supervised release for five years for Count Two and three years for Count Three to be served concurrently.

In September 1996, Petitioner was sentenced for the second bank robbery that she committed while she was out on bail. Petitioner was sentenced to 130 months to be served concurrently with Count Two and consecutively to Count Three of the October 1995 sentence. Petitioner was also sentenced to an additional five months to be served consecutively to the 130 months and to the sentences imposed by Count Two and Count Three.

In her Motion of Review of an Otherwise Final Sentence, Petitioner contends that the Bureau of Prisons erred in calculating her sentence. She contends that by reading the transcript of the sentencing proceeding conducted in September 1996, the sentencing Judge intended to impose a 195 month sentence; however, she was ultimately given a total of 206 months and twenty-four days (24). Petitioner argues that, pursuant to 18 U.S.C. § 3742(a)(2) & (3), Rule 60(b) of the Federal Rules of Civil Procedure, and Rules 36 and 35 of the Federal Rules of Criminal Procedure, her sentence should be corrected to equal 195 months to conform to the amount of time that the sentencing Judge intended.

In its Response, the Government contends that this Motion of Review of an Otherwise Final Sentence is actually a Petition for Writ of Habeas Corpus. Therefore, the Government argues, this Motion should be transferred to the Northern District of California because Petitioner is in prison in its jurisdiction. In addition,

the Government contends that this Motion should be dismissed because Petitioner has not exhausted the administrative remedies under 42 U.S.C § 1997e. Because the Government believed that Petitioner's Motion is actually a Petition for Writ of Habeas Corpus, the Government did not analyze Petitioner's claims under 18 U.S.C. § 3742(a)(2) & (3), Rule 60(b) of the Federal Rules of Civil Procedure, and Rule 36 and 35(c) of the Federal Rules of Criminal Procedure.

## STANDARD OF LAW

The Government contends that Petitioner's motion is actually a Petition of Writ of Habeas Corpus because Petitioner is attacking the execution of her sentence. Under 28 U.S.C. § 2241(c)(3), a prisoner may file a Petition for Writ of Habeas Corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, Petitioner is not making a claim regarding the execution of her sentence. Rather, Petitioner is bringing a claim to correct a clerical error in the sentence. Therefore, Petitioner's claim should be analyzed under the authority cited by Petitioner, which are 18 U.S.C. § 3742(a)(2) & (3), Rule 60(b) of the Federal Rules of Civil Procedure, and Rules 35 and 36 of the Federal Rules of Criminal Procedure.[1]

## DISCUSSION

**A. Petitioner's sentence**

Petitioner argues in her Motion of Review of an Otherwise Final Sentence that her sentence should be corrected to reflect the intention of the sentencing court. Petitioner contends that while her sentence should total 195 months pursuant to the

---

[1] Although Petitioner cites to "Rule 60(3)(b) of the Federal Rules of Civil Procedure" and to "18 U.S.C. Rule 36 and 35(c) of the Federal Rules of Criminal Procedure," these rules do not exist as cited. The claims will be analyzed under Rule 60(b) of the Federal Rules of Civil Procedure and Rules 35 and 36 of the Federal Rules of Criminal Procedure because that appears to have been Petitioner's intent at the time the Motion was filed.

1  sentencing Judge's intention, the Bureau of Prisons ("Bureau") has calculated the
2  total sentence to be 206 months and twenty-four days (24).
3    In 2001, Petitioner's attorney wrote a letter to the Bureau requesting the
4  Bureau to recalculate Petitioner's sentence to be 195 months based on the 130 month
5  sentence imposed in September 1996 which was to run concurrently with the seventy-
6  eight month (78) sentence imposed in October 1995, resulting in fifty-two months
7  (52) remaining to be served before Petitioner began the consecutive sixty month (60)
8  sentence imposed on October 30, 1995. The attorney added the seventy-eight months
9  (78), the fifty-two months (52), the sixty months (60), and the additional five month
10 consecutive term to equal a sentence of 195 months.
11   In a reply letter, the Bureau laid out its calculation for Petitioner's sentence.
12 The Bureau stated that a sentence could not be served before it was imposed and,
13 therefore, the sentence had to begin on the date it was imposed. On September 23,
14 1996, the date of the second sentencing, Petitioner was already in custody serving
15 seventy-eight months (78) for Count Two, imposed in October 1995. The Bureau
16 calculated, as a result of the concurrent sentences imposed in October 1995 and
17 September 1996, there would be an overlap of sixty-six months (66) and six days
18 rather than an overlap of seventy-eight months (78) as Petitioner's attorney
19 contended. After subtracting sixty-six months (66) and six days from the 130 month
20 sentence, the Bureau calculated that there would be sixty-three months (63) and
21 twenty-four days (24) remaining to be served before Petitioner began her consecutive
22 sixty month (60) sentence for Count Three. The Bureau then added seventy-eight
23 months (78), sixty-three months (63) and twenty-four days (24), sixty months (60),
24 and the additional five month consecutive term to equal 206 months and twenty-four
25 days (24).
26   There is no error in the calculations by the Bureau. The Bureau correctly
27 stated that a sentence could not be served before it is imposed. The commencement
28 of a federal sentence is governed by 18 U.S.C. § 3585(a), which provides:

-4-

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Also, multiple sentences of imprisonment are governed by 18 U.S.C. § 3584 which provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively..." 18 U.S.C. § 3584.

Courts have routinely held that a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence that is already being served. *See United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980) (stating that logically the sentence "cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served.") Moreover, In *Shelvy v. Whitfield*, the Court states "[p]recedent in point confirms that a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with *the remainder* of the one then being served." *Shelvy v. Whitfield,* 718 F.2d 441, 444 (D.C. Cir. 1983) (alteration in original).

Petitioner was taken into custody on July 15, 1995 and was sentenced for the first bank robbery on October 30, 1995. Petitioner was in custody serving the seventy-eight month (78) sentence imposed for Count Two for almost twelve months (12) before she was sentenced for the second bank robbery on September 23, 1996. Therefore, as a matter of law, Petitioner could not begin to serve the concurrent 130 month sentence before the sentence was imposed on September 23, 1996; only the "remainder of the one being served," would run concurrent with the 130 month sentence. *See Shelvy,* 718 F.2d at 444. Moreover, having reviewed the record, the

sentencing Judge did not specifically state that he intended Petitioner's sentence to include the time Petitioner had already served, with respect to her October 1995 sentence.

Petitioner had already served nearly twelve months for the first sentence of seventy-eight months (78) imposed for Count Two when she began to serve the concurrent 130 month sentence for the second bank robbery. Therefore, there were sixty-six months (66) and six days to be served concurrently rather than seventy-eight months (78) as Petitioner indicates. Thus, after serving the sixty-six month (66) and six days concurrently, Petitioner has sixty-three months (63) and twenty-four days (24) to be served consecutively with the sixty months (60) imposed for Count Three, and an additional five month consecutive sentence. This totals 195 months. When the 195 months is added to the nearly twelve months already served, Petitioner's sentence totals 206 months and twenty-four days (24).

**B. 18 U.S.C. § 3742 does not apply to miscalculations of sentence**

Petitioner claims that her sentence should be corrected based on the language of 18 U.S.C. § 3742(a)(2) & (3) because there was an error in the calculation of her sentence imposed on was September 23, 1996.

Pursuant to 18 U.S.C. § 3742(a), "[a Petitioner] may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence...(2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range..." 18 U.S.C. § 3742(a) (ruled unconstitutional in part by *U.S. v. Booker*, 125 S. Ct. 738 (2005)). See *U.S. v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006) (holding that 18 U.S.C. § 3742(a) and (f) have "survived Booker," meaning that only the other subsections of section 3742 have been overruled).

In the instant case, Petitioner was sentenced pursuant to the sentencing guidelines. However, Petitioner is not claiming either that the sentence was imposed "as a result of an incorrect application of the sentencing guidelines" or that the sentence imposed on her "is greater than the sentence specified in the applicable guideline range." 18 U.S.C. § 3742(a). Rather, Petitioner is claiming that her sentence was miscalculated by the Bureau and that the sentence should be corrected to conform to the sentencing Judge's intent. Because Petitioner claims her sentence was miscalculated, Petitioner cannot rely on 18 U.S.C. § 3742 to correct a miscalculation.

### C. Rule 60(b) of the Federal Rules of Civil Procedure

Petitioner contends that her sentence should be corrected pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the writs of coram nobis, coram vobis, and audita querela.

#### 1. Rule 60(b) provides no relief from judgment or order for Petitioner

Rule 60(b) of the Federal Rules of Civil Procedure is designed to give relief from final judgment or order. Specifically, Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . (6) or any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

In the instant case, Petitioner is requesting that her sentence be corrected to conform to the sentencing Judge's intent. As discussed in section A. above, the computation of Petitioner's sentence by the Bureau is correct as a matter of law. Therefore, there is no indication that there was any mistake, newly discovered evidence, fraud, or any other reason discussed in Rule 60(b) to allow relief from judgment.

## 2. Petitioner's Claim is time-barred under Rule 60(b)

Rule 60(b) states that any motion brought under this rule "must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). While the Court finds that Rule 60(b) is not applicable, Petitioner's claim would nevertheless be time barred under Rule 60(b).

Since Petitioner is claiming there was a mistake in the computation of her sentence by the Bureau, her claim could be analyzed under Rule 60(b)(1). Since claims under 60(b)(1), (2), and (3) have a limitations period of one year to bring a claim, Petitioner's claim is time-barred because she did not make the claim until nearly seven years after she was sentenced in September 1996. Furthermore, even if Petitioner's claim did not fall under 60(b)(1), (2) or (3), Rule 60(b) states that all claims under this rule must be brought within a reasonable time. Although there is no specific time limit, seven years is well beyond a reasonable time period for bringing this claim. Therefore, Petitioner's claim is time-barred under Rule 60(b).

## 3. No relief available under writs of coram nobis, coram vobis, and audita querela

Rule 60(e)[2] clearly states that the "writs of coram nobis, coram vobis, and audita querela" have been abolished. Therefore, Petitioner cannot bring a claim under any of the aforementioned writs for relief from final judgment or order.

However, the common law writ of error coram nobis is available in criminal cases under the All Writs Act, 28 U.S.C. § 1651 (1994). The writ is an extraordinary, and disfavored, remedy. *See Carlisle v. United States*, 317 U.S. 416, 429 (1996). It is available only when: (1) a more usual remedy is unavailable; (2) valid reasons exist for not having attacked the conviction earlier; (3) the conviction has resulted in adverse consequences; and (4) the error is fundamental. *See United States v.*

---

[2] Formerly under Rule 60(b), prior to December 1, 2007 amendment.

1 *McClelland*, 941 F.2d 999, 1002 (9th Cir. 1991). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). The writ may issue only in aid of the court's jurisdiction. 28 U.S.C. § 1651.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling." *Id.* Here, Petitioner cites various statutes and rules, some of which address Petitioner's arguments. As discussed, Rule 60(b) addresses the issue of mistake in offering relief from a judgment or order. However, Petitioner's claim is time-barred. Petitioner "may not resort to coram nobis merely because he has failed" to timely file a petition under the statute that specifically addresses the issue at hand. *Matus-Leva,* 287 F.3d at 761 (holding coram nobis not available to petitioner who failed to file for writ of habeas corpus pursuant to 28 U.S.C. § 2255 within the applicable limitations period). Moreover, Rule 36 is also available and cited by Petitioner to address a clerical error in a judgment. Accordingly, the writ of coram nobis in not applicable.

### D. No Clerical Error in the Record Pursuant to Rule 36

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (amended 2007).

Petitioner claims that the transcript of the sentencing proceeding clearly indicates that the sentencing Judge intended to impose a sentence of 195 months. Indeed, the transcripts do indicate that the sentencing Judge stated that the total sentence would be 195 months. However, the Judge also made clear in the transcript that Petitioner was being sentenced to 130 months for the second bank robbery and an

-9-

additional five months, pursuant to the Sentencing Guidelines, for a total of 135 months. Moreover, even though the sentencing Judge indicated the total sentence to be 195 months for the second bank robbery, the Judge does not state that he intended Petitioner's sentence to include the time she had already served with respect to the first bank robbery when he indicated that part of the September 1996 sentence would run concurrent to the October 1995 sentence.

As previously stated, a sentence cannot begin to be served until it has been imposed even if made concurrent with a sentence already being served. *See* 18 U.S.C. § 3585(a); *see also Flores,* 616 F.2d at 841. Rather, the second sentence runs together with *the remainder* of the one then being served. *Shelvy,* 718 F.2d at 444 (alteration in original). Petitioner was taken into custody on July 15, 2005 and was sentenced for the first bank robbery on October 30, 2005. Petitioner was in custody for almost twelve months (12) before she was sentenced for the second bank robbery on September 23, 1996. Therefore, when the time served, over eleven months, is added to the 195 month sentence imposed on September 23, 1996 the total sentence equals 206 months and twenty-four days (24).

The Court finds that there was no clerical error or omission in the judgment or order pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

**E. Rule 35 of the Federal Rules of Criminal Procedure Does Not Apply**

Rule 35 of the Federal Rules of Criminal Procedure allows for correcting or reducing a sentence. Fed. R. Crim. P. 35. Rule 35 permits the court to correct or reduce a sentence for only two situations: either to correct for "arithmetical, technical, or other clear error" within seven days under 35(a) or to reduce a sentence for substantial assistance under 35(b). Fed. R. Crim. P. 35.[3]

---

[3] In her Motion, Petitioner incorrectly quotes Rule 35 as follows "(a) Correction or Reduction of Sentence on Remand, The court shall correct a sentence that is determined on appeal under USC Section 3742 to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court (1) for imposition of a sentence in accord with the findings of the court of appeals; or (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect."

- 10 -

*Jimenez v. United States* held that "[a] defendant simply cannot move for relief pursuant to Rule 35" because the motion can be brought only by the court when there was clear error or by the government when the defendant has given substantial assistance. *Jimenez v. U.S.*, 2007 WL 1834847, 2 (E.D. Cal. 2007). Moreover, in *United States v. Abreu-Cabrera*, the Second Circuit held that Rule 35 is "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2nd Cir. 1995) (quoting Advisory Committee Notes to Fed. R. Crim. P. 35).

In this case, Petitioner is claiming the Bureau committed an error when calculating her sentence. However, as was previously indicated in section A., there was no error in Petitioner's sentence.[4] Both the sentencing Judge and the Bureau calculated Petitioner's sentence to be 195 months. The total sentence became 206 months and twenty-four days when the 195 months was added to the nearly twelve months she already served.

Additionally, there is no indication that Petitioner would qualify for substantial assistance under Rule 35(b). Rule 35(b) states that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements." Fed. R. Crim. P 35(b). In this case, the government has not made a motion to reduce Petitioner's sentence and there is no indication that Petitioner provided substantial assistance. Therefore, Petitioner does not qualify for a reduction in sentence based on Rule 35(b).

---

[4] Even if Petitioner's sentence did contain clear error, under Rule 35(a), the court can correct a sentence for clear error only within seven days of sentencing. Fed. R. Crim. P. 35(a). However, Petitioner filed this Motion of Review of an Otherwise Final Sentence in February 2003, almost seven years after the deadline under Rule 35(a).

Therefore, Rule 35 does not apply to the current case.

F. **The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e Does Not Apply**

42 U.S.C § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The Government contends that the Petitioner cannot bring this Motion of Review of an Otherwise Final Sentence because Petitioner has not exhausted her administrative remedies under 42 U.S.C § 1997e(a). In the instant case, Petitioner is not bringing an action regarding "prison conditions." 42 U.S.C § 1997e(a). Rather, Petitioner is claiming that the sentence calculated by the Bureau is longer than the sentence that the sentencing Judge intended to impose. Moreover, Petitioner is not requesting to be released from prison. Therefore 42 U.S.C. § 1997e does not apply to the current case.

## CONCLUSION

For all the foregoing reasons, Petitioner's Motion of Review of an Otherwise Final Sentence is denied.

IT IS SO ORDERED.
DATE: February 19, 2008

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE